IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DENISE MCKNIGHT, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. |
| § | |
| HEALTHCARE REVENUE RECOVERY § | |
| GROUP, LLC § | |
| § | |
| Defendant. § | |

**ORIGINAL COMPLAINT and DEMAND FOR JURY**

**Preliminary Statement**

1. Plaintiff, Denise McKnight, Individually ("McKnight"), files this Original Complaint pursuant to FED. R. CIV. P. 15(a)(1)(B). Plaintiff brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and under the Texas Debt Collection Act, Texas Finance Code § 392.001, *et seq.* ("TDCA"), to obtain statutory damages, actual damages, injunctive relief, declaratory relief, and other relief for the Defendants' violations of the FDCPA and the TDCA.

2. Defendant, Healthcare Revenue Recovery Group, LLC ("HRRG") attempted to collect a consumer debt allegedly owed by Plaintiff, arising from a purported obligation to Longhorn Medical. ("Longhorn Medical"). The obligation ("Debt") allegedly required Plaintiff to pay money arising out of transactions in which money, property, insurance or services were the subject thereof, and the same were primarily for personal, family, or household purposes. Specifically, the alleged debt arose from an emergency room visit for her grandson at St. David's emergency in Cedar Park, Texas. Grandson's medical care is covered by Medicaid so any collection against Plaintiff was unlawful.

3. Longhorn Medical, through poor business procedures, failed to timely make application for payment of the emergency room visit to Medicaid. Consequently, Longhorn Medical wrongfully attempted to collect the debt from McKnight.

4. Defendant, Longhorn Medical, used Defendant HRRG to collect the debt.

5. This action is based on, and arises from, the misrepresentations made by the Defendants in the course of attempting to collect the debt from McKnight.

## Jurisdiction and Venue

6. Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of supplemental jurisdiction for the TDCA and DTPA claims and the claims against Longhorn Medical Bank, N.A., pursuant to 28 U.S.C. § 1367.

7. Venue in the Western District of Texas is proper under 28 U.S.C. § 1391(b)-(d) and because the acts and transactions occurred here, and the Defendants transact business here.

## Parties

8. Plaintiff, Denise McKnight, individually, is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Texas Finance Code § 392.001(1).

9. For purposes of the FDCPA, the term "consumer" means any natural person *obligated* or *allegedly obligated* to pay any debt. *See* 15 U.S.C. § 1692a(3). [emphasis added].

10. For purposes of the TDCA, a "consumer" is an individual who has a "consumer debt." TEX. FIN. CODE § 392.001(1); a "consumer debt" is an obligation, or an *alleged obligation,* primarily for personal, family, or household purposes and arising from a transaction or alleged transaction. TEX. FIN. CODE § 392.001(2). [emphasis added].

11. Denise McKnight is a "consumer" as defined by 15 U.S.C. § 1692a(3) as she is "allegedly obligated" to pay a consumer debt for the medical treatment of her grandson.

12. Defendant Healthcare Revenue Recovery Group, LLC, ("HRRG") is foreign LLC engaged in the business of collecting debts in this state and its registered agent for service of process is Corporation Service company, dba CSC  211 E. 7th St. Austin, Texas 78701.  A principal purpose of HRRG's business is the collection of debts using the mail and the telephone, and HRRG regularly attempts to collect debts alleged to be due another. HRRG is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6).  HRRG is also a "third-party debt collector" as defined by TEX. FIN. CODE § 392.001(7).

13. For purposes of the FDCPA, the term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  *See* 15 U.S.C. § 1692a(6).

14. For purposes of the TDCA, a "third-party debt collector" means a debt collector, as defined by 15 U.S.C. Section 1692a(6), but does not include an attorney collecting a debt as an attorney on behalf of and in the name of a client unless the attorney has nonattorney employees who: (A) are regularly engaged to solicit debts for collection;  or (B) regularly make contact with debtors for the purpose of collection or adjustment of debts. TEX. FIN. CODE § 392.001(7).

15. For purposes of the TDCA, a " debt collector" means a a person who directly or indirectly engages in debt collection. TEX. FIN. CODE § 392.001(6); and "debt collection" means an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor. TEX. FIN. CODE § 392.001(5).

16. For purposes of the FDCPA, the term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person

to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another. *See* 15 U.S.C. § 1692a(4).

17. For purposes of the TDCA, a "creditor" is a party – other than the consumer - to a transaction or alleged transaction involving one or more consumers. TEX. FIN. CODE § 392.001(3). A creditor can be subject to the Finance Code, as a debt collector. *See Dixon v. Brooks,* 604 S.W.2d 330, 334 (Tex. Civ. App. – Houston [14th Dist.] 1980, writ ref'd n.r.e.).

**Factual Allegations**

18. On April 29, 2019, Denise McKnight took her grandson to the St. David's Hospital emergency room in Cedar Park, Texas. Grandson was treated by Longhorn Emergency Medical Associates. Grandson was covered by Medicaid insurance, the information of which was provided to the admissions clerk at St. David's Hospital.

19. McKnight received no bill from Longhorn Medical.

20. Plaintiff received a collection letter from HRRG on August 13, 2019 and a requested verification. HRRG sent a copy of the bill from Longhorn Medical. It was the first she had seen the bill. McKnight spent hours on the phone with HRRG, Medicaid, and the hospital to track down the lack of payment.

21. McKnight sent a polite response on August 29, 2019. HRRG, having failed or refused to investigate, alleged that the claim was denied for no reason, and sent another collection letter to McKnight on September 16, 2019.

22. McKnight then had to contact the byzantine system of Medicaid funding, management systems, and administration only to find that Longhorn Medical failed to present the bill to Medicaid within the statutory time period so that the claim was denied. McKnight even sought an appeal of the late filing but was told that Longhorn Medical routinely filed late claims and

therefore the claim would not be paid. That letter from TMHP is dated September 25, 2019.

23. McKnight spent hours tracking down the information about the payment of the claim and the failure of Longhorn Medical and/or HRRG to properly present the claim to Medicaid. That information was summarized in a 4 page fax sent to HRRG on October 23, 2019. McKnight also sent an 18 page fax to legal aid at the same time. The cost of the faxes was $22.58.

24. Thereafter McKnight continued to receive telephone calls from HRRG and it became necessary to obtain the services of Texas Rural Legal Aid to communicate with HRRG to cease its communications.

25. The foregoing acts and omissions as described above were undertaken by HRRG as a representative of Longhorn Medical; HRRG functioned as a representative and/or agent of Longhorn Medical, acting within the course and scope of his employment at all times relevant to this matter.

26. The foregoing acts and omissions of the Defendants were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard for the rights of the Plaintiff.

27. The foregoing acts and omissions of the Defendants were undertaken indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiff.

### First Claim for Relief

28. The Plaintiff, Denise McKnight, repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the FDCPA include, but are not limited to:

   a. In violation of 15 U.S.C. § 1692e(2)(a) and 15 U.S.C. § 1692e(10), the Defendants used objectively false representations and/or false, deceptive or misleading representations or means in connection with the collection of a consumer debt. Specifically, Defendants represented to McKnight that she was legally responsible to pay the debt, when Medicaid rules said she was not and there was no other contractual basis to make such a claim.

   b. In violation of 15 U.S.C. § 1692f(1), 15 U.S.C. § 1692e(10), the Defendants used objectively false representations and/or false, deceptive or misleading representations or means in connection with the collection of a consumer debt.  Specifically, Defendants represented to McKnight that she was legally responsible to pay the debt, when Medicaid rules said she was not and there was no other contractual basis to make such a claim..

29. Under 15 USC § 1692k, the Defendants' violations of the FDCPA render them jointly and severally liable to Plaintiff, Denise McKnight, for statutory damages, actual damages, costs, and reasonable attorney's fees.

## Second Claim for Relief

30. The Plaintiff, Denise McKnight, repeats, realleges, and incorporates by reference the foregoing paragraphs.  The Defendants' violations of the TDCA include, but are not limited to:

   a. In violation of TEX. FIN. CODE § 392.301(a)(8), Defendants threatened to take (and/or did take) an action prohibited by law in the pursuit of a Medicaid eligible claim.

   b. In violation of TEX. FIN. CODE § 392.304(a)(8), Defendants misrepresented the status and character of the debt to the trial court by claiming that the claim could properly be pursued.

   c. In violation of TEX. FIN. CODE § 392.304(a)(19), Defendants used false representations and deceptive means to collect a consumer debt.

31. Under TEX. FIN. CODE ANN. § 392.403, the Defendants' violations of the TDCA render them jointly and severally liable to Plaintiff, Denise McKnight, for actual damages, statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.  Specifically, Plaintiff seeks to enjoin Defendants from making false representations to a trial court in proceedings against any consumer in the State of Texas.

## Prayer for Relief

WHEREFORE, the Plaintiffs pray that this Court:

1. Declare that Defendants' actions violate the FDCPA and the TDCA.

2. Enjoin the Defendants' actions which violate the TDCA.

3. Enter judgment for Plaintiffs, as Denise McKnight and Plaintiff, and against Defendants for actual damages, statutory damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a) and/or TEX. FIN. CODE ANN. § 392.403.

4. Grant such further relief as deemed just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury in this action.

Respectfully submitted,

*/s/Mark L. Aschermann*
Mark L. Aschermann
Texas Bar No. 01368700
ASCHERMANN LAW
100 Congress ste 2000
Austin, Texas 78701
713.942.0808
713.942-0449 Facsimile
*mark@aschermannlaw.com*

ATTORNEY FOR PLAINTIFF,
DENISE I. MCKNIGHT